EAA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

RECEIVED

MAY 16 2016
5-16-16
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

)
)
)
)
_Sandra Phillips_  )
(Name of the plaintiff or plaintiffs)  )
)
)
v.  )
)
_Joe_  )
_10 22 S. Halsted Street_ )
)
)
)
(Name of the defendant or defendants)  )

CIVIL ACTION

1:16-cv-05257
Judge  Robert M. Dow, Jr
Magistrate Judge Young B. Kim

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Sandra Phillips_ of the county of _Cook_ in the state of _IL._ .

3. The defendant is _Joe_ , whose street address is _100 22 S. Halsted_ ,
(city) _Chicago_ (county) _Cook_ (state) _IL._ (ZIP) _60628_
(Defendant's telephone number) _(773) 881-3500_

4. The plaintiff sought employment or was employed by the defendant at (street address)
_100 22 S. Halsted_ (city) _Chicago_
(county) _COOK_ (state) _IL._ (ZIP code) _60628_

5. The plaintiff [*check one box*]

(a) ☐  was denied employment by the defendant.

(b) ☐  was hired and is still employed by the defendant.

(c) ☑  was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) February , (day) 20 , (year) 2014 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check

one box*] ☐ has not ☑ has filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about

(month) May (day) 16 (year) 2015 .

(ii) ☐ the Illinois Department of Human Rights, on or about

(month) april (day) 10 (year) 2014 .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois
Department of Human Rights to cross-file with the other agency all charges received. The
plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month) 12-26-14 (day)_____ (year) 3/29/2015

☐ No, did not file Complaint of Employment Discrimination

(b)　The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____ .

(c)　Attached is a copy of the

(i)　Complaint of Employment Discrimination,

☒ YES　☐ NO, but a copy will be filed within 14 days.

(ii)　Final Agency Decision

☐ YES　☐ NO, but a copy will be filed within 14 days.

8.　*(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☒　the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☐　the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9.　The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐　Age (Age Discrimination Employment Act).

(b) ☐　Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city) town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): Hello at me _____

_____

4

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Hello at me told me do what He Said
with a lound voice

_____

_____

_____

_____

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☑ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
_Sandra P. Phillips_

(Plaintiff's name)
_Sandra Phillips_

(Plaintiff's street address)
_4956 S. Prairie Ave_

_Apt 205_

(City) _Chicago_ (State) _IL._ (ZIP) _60615_
(Plaintiff's telephone number) (_224_) _326-6543_

Date: _5-16-2016_

6

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.  **#15W0420.01** | ☒ IDHR  ☐ EEOC | **2015CF2813** |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)  **Ms. Sandra Phillips** | TELEPHONE NUMBER (include area code)  **(224) 326-6543** | |
|---|---|---|
| STREET ADDRESS  **4956 S. Prairie Avenue, Apt. #205** | CITY, STATE AND ZIP CODE  Chicago, IL 60615 | DATE OF BIRTH  M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT  **Grand Motel** | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)  **(773) 881-3500** |
|---|---|---|
| STREET ADDRESS  **10022 S. Halsted Street** | CITY, STATE AND ZIP CODE  **Chicago, IL 60628** | COUNTY  **Cook** |

| CAUSE OF DISCRIMINATION BASED ON:  **Sex** | DATE OF DISCRIMINATION  EARLIEST (ADEA/EPA)  LATEST (ALL)  **12/26/2014**   **03/29/2015**  ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.    **ISSUE/BASIS**

        **HARASSMENT – DECEMBER 26, 2014 THROUGH MARCH 2015, BECAUSE OF MY SEX, FEMALE**

   B.    **PRIMA FACIE ALLEGATIONS**

       1.    **My sex is female.**

       2.    **I began my employment with Respondent on December 19, 2014. My work performance in housekeeping meets Respondent's legitimate expectations.**

**Page 1 of 3**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME  THIS _20_ DAY OF _April_, 2015.  _Jacquelyn Turner Hamb_  NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL  JACQUELYN TURNER HAMB  NOTARY PUBLIC - STATE OF ILLINOIS  MY COMMISSION EXPIRES:11/12/17  **NOTARY STAMP** | X _Sandra Phillips_  4-20-15  SIGNATURE OF COMPLAINANT    DATE  I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 7/12-INT)

**Charge Number: 2015CF2813**
**Complainant: Sandra Phillips**
**Page 2 of 3**

3.  From December 26, 2014 through March 2015, I was harassed in
    Respondent's workplace on a daily basis, in that:

    a.  In December 2014, Joe (last name unknown, male), Supervisor,
        yelled at me and accused me of opening the doors to all of the
        rooms in the hotel. Joe warned me that I was letting the heat
        escape from the rooms and that I better be sure to close them
        all. I explained that Tina had instructed a male (name
        unknown), to open all the doors.

    b.  On February 11, 2015, Laura (last name unknown, female),
        Manager, gave me approval to come in an hour early and leave
        an hour early. However, when I informed Tina, she told me I
        could clock out early or wait to leave when all of my work was
        done.

    c.  In March 2015, I was a slow day, and I was pulled off of my
        floor by Tina and told to help Tora (last name unknown,
        female), with her floors. But, Tora was relaxing and watching
        television while I was working her floor.

4.  The harassment has created a hostile, intimidating and uncomfortable
    work environment which substantially interfered with my ability to
    perform my job.

5.  Similarly situated male employees were not treated in this manner.

II.  A.  ISSUE/BASIS

     UNEQUAL JOB ASSIGNMENTS – JANUARY 2015, BECAUSE OF MY
     SEX, FEMALE

     B.  PRIMA FACIE ALLEGATIONS

     1.  My sex is female.

     2.  I began my employment with Respondent on December 19, 2014. My
         work performance in housekeeping met Respondent's legitimate
         expectations.

     3.  From January 2015, I was subjected to unequal job assignments in
         Respondent's workplace when on a regular basis I was pulled from my
         assigned floors to help out other housekeepers with their floors.
         However, no one was ever pulled from their floors to help me out.

     4.  Similarly situated male employees were not required to help out as I
         was.

**Charge Number:  2015CF2813**
**Complainant:  Sandra Phillips**
**Page 3 of 3**

III.     A.      ISSUE/BASIS

                DISCHARGE – MARCH 29, 2015, BECAUSE OF MY SEX, FEMALE

         B.      PRIMA FACIE ALLEGATIONS

                1.      My sex is female.

                2.      I began my employment with Respondent on December 19, 2014.  My
                        work performance in housekeeping met Respondent's legitimate
                        expectations.

                3.      On March 29, 2015, I was discharged, via telephone, by Laura (last
                        name unknown, female), Manager.  Laura did not provide a reason for
                        my discharge.

                4.      Similarly situated male employees, whose work performance was equal
                        to mine, were not discharged.

                5.      Respondent also replaced me with a less qualified male, name
                        unknown.


**MEE/RCG**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661 - 2592
Chicago Direct Dial: (312) 869-8000
Chicago TTY: (312) 869-8001
Fax: (312) 869-8220

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:       2015CF2813         SANDRA PHILLIPS

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

Charge Number: 2015CF2813          Complainant: SANDRA PHILLIPS

Respondent: GRAND MOTEL

## COMPLAINANT QUESTIONNAIRE

In order to assist the IDHR in investigating your charge, please complete and return the following questionnaire to the IDHR within 30 days of the date you received this questionnaire.

- If you are represented by an attorney, consult with your attorney prior to completing this questionnaire.
- Provide your answers on a separate sheet of paper. Identify the question number for each response. Use additional sheets as necessary.
- If you are not sure of the answer to any question, you may leave the question blank and the investigator will follow up with you at a later time.

Provide a copy of any documents (such as letters, journals, emails, or other evidence), which relate to the charge allegations.

1.      Provide information about Respondent:
   a.      State the full legal name(s) (as identified on your W-2 form).
   b.      Address of Respondent.
   c.      Describe briefly the type of work carried on by Respondent at this address.

2.      On what date did you start working for Respondent?

3.      Who hired you? Give name, job title, Sex.

4.      Please list in chronological order each position you held at the Respondent and the date you started in that position.

5.      What were the job duties in the position you held on the date of the incident? Please include a job description, if you have one.

6.      Who was your immediate supervisor? Give name, job title, Sex.

7.      Who else worked for your immediate supervisor? Give names, job titles, Sex for each person.

8.      What do you want to happen as a result of filing your charge?

9.      List your witnesses. Witnesses are persons who can support or have first-hand knowledge of the allegations in your charge. Witnesses are NOT character references. Witnesses are not contacted during the screening process. Therefore, it is very important you tell us in detail what each witness would tell us, if contacted, during an investigation. Identify each witness by:
   a.      Name
   b.      Home address
   c.      Home telephone number
   d.      Relationship to you (co-worker, friend, relative, etc,)
   e.      What did the witness see, hear, or experience that would support any of your allegations? Be specific, don't just say "they can tell you what happened."

10.      Provide your e-mail address, if you have one.

ILLINOIS DEPARTMENT OF

# ▪Human Rights

Bruce V. Rauner, Governor
Rocco J. Claps, Director

April 24, 2015

SANDRA PHILLIPS
4956 SOUTH PRAIRIE AVENUE
APARTMENT 205
CHICAGO, IL 60615 - 2254

RE:     Charge No.:   **2015CF2813**
        Respondent: **GRAND MOTEL**

Complaint or Civil Action Filing Dates: **4/19/2016  through  7/18/2016**

Dear Complainant:

You have filed a discrimination charge under the Human Rights Act. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone the Illinois Department of Human Rights ('IDHR'). If there is an 'A', 'E', or 'F' in your charge number, we are enclosing an important notice from the Federal Equal Employment Opportunity Commission ('EEOC') because your charge has been automatically filed with that agency.

If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

1)      Verification of Disability.
Please give the Verification of Disability form to your physician for completion. Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2)      Consent form.
The consent form allows IDHR to review your physician's documentation. Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

When a fact-finding conference is scheduled, you will be advised of the date. It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court if IDHR has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

PAGE 2

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside of this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely

Once 455 days (or the extended time) have passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section (7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Commission on IDHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

You must advise IDHR of all changes of name, address, or telephone numbers. If you do not do so, IDHR may dismiss your case if it cannot locate you.

1509-0059 IN-6 NON-MED
Rev. 06/14



ILLINOIS DEPARTMENT OF

# Human Rights

Bruce V. Rauner, Governor
Rocco J. Claps, Director

## <u>IMPORTANT NOTICE TO COMPLAINANT ABOUT MEDIATION</u>

**The Illinois Department of Human Rights is offering YOU the opportunity to participate in the IDHR Mediation Program before the charge is investigated.**

Thousands of cases have already experienced the benefits of working out disputes without investigation or litigation. The IDHR MEDIATION PROGRAM lets the parties work out a settlement with the help of a trained, impartial IDHR mediator.

MEDIATION is a form of dispute resolution where parties to an IDHR charge meet in an informal atmosphere and discuss settlement options to close the IDHR charge and avoid a lengthy and possibly expensive investigation.

MEDIATION can provide a fast, free alternative to the IDHR investigation process. The IDHR Mediation Program has a settlement rate of over 50%.

Have you considered the advantages of MEDIATION?

MEDIATION…

…Is **free**. - There is no cost to you or the other party. You schedule a mediation conference and attend – that's it!

…Is **fast** – Cases can be mediated before the case is assigned for investigation, and conference sessions are scheduled for 9 am – 1 pm or 1 pm – 5 pm. Investigations typically last one year

…Is **confidential** – Participation in the IDHR Mediation Program will not affect the outcome of your case. The IDHR investigation is a completely separate process that will not be influenced by the mediation conference.

…Is **not** a hearing on the merits of the charge. The purpose of mediation is to settle the charge by letting the parties discuss their differences and explore options that resolve the dispute.

If you are interested in Mediation, Contact the IDHR Mediation Unit at (312) 814-6889.

ILLINOIS DEPARTMENT OF



# Human Rights

Bruce V. Rauner, Governor
Rocco J. Claps, Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights ("Department") is under a federal-court injunction that, among other things, orders the Department:

> "To cease permanently from relying on credibility determinations made without affording
> the rights of confrontation and cross-examination".

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The Department cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the Department should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the Department to make a finding of fact as to conflicting evidence, the Department will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines "substantial evidence" as:

> "Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of
> more than a mere scintilla but may be somewhat less than a preponderance". Illinois Human Rights Act §7A-
> 102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The Department's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The Department's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The Department will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the Department will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the Department will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.
By the authority of the State of Illinois (2212013ENGChargeProcessing)

100 West Randolph Street, Suite 10 - 100, Chicago, IL 60601 - 3391, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704 - 1958, (217) 785-5100
2309 West Main Street, Marion, IL 62959 - 1187 (618) 993-7463
www.illinois.gov/dhr

Charge No. 2015CF2813
Page 2 of 3

On the Issue of Discharge:

A1.    When were you terminated?

A2.    Provide the name, the position title, Sex of the person who terminated you.

A3.    How were you notified of your termination?  Please provide a copy of the termination letter or summary of the conversation.

A4.    What reason(s) were given for your termination?

A5.    Do you disagree with the reason(s) given for your termination?  Explain.

A6.    Were you a probationary employee?

A7.    Does the employer have a progressive disciplinary policy?

A8.    Did you receive any discipline (warnings, reprimands or suspensions) prior to the termination? Provide the details of when the discipline was received and the reason of each prior discipline. Please provide copies, if you have them.

A9.    Did you receive regular evaluations? If yes, how were your most recent performance reviews? Provide copies, if you have them.

A10.   Who took over your job duties? What is that person's Sex?

A11.   If the Respondent has claimed that conduct is the reason for your termination, has anyone else done what you are accused of doing, or something similar?  If your answer is yes, give their name(s), position title(s), Sex.

A12.   Explain what each person(s) did, the dates, and what type of discipline this person(s) received.

A13.   Did anyone at Respondent make any statements about your Sex.  If your answer is yes, give their name(s), position title(s), Sex.

A14.   Explain what each person(s) said and the date(s) when they made the statement(s).  Identify any witnesses.

On the Issue of Harassment

B1.    Identify the harassers by name, position, Sex, and work-place relationship to you.

B2.    List the specific instances of the alleged harassment. Include dates on which the conduct occurred.  If the conduct occurred more than once, state how often the conduct occurred (the number of times per day, week, etc.).

B3.    Did you complain about the harassment to anyone within the company?  If yes, give their:

       a.    Name

       b.    Position title

       c.    Date of complaint.

B4.    Was any action taken because of your complaint?

B5.    Why do you think the alleged harasser(s) engaged in this conduct toward you?  Explain:

B6.    Did anyone else witness any of the incidents of harassment that happened to you?  If so, provide their name(s), position, and a description of what each person saw or heard.

Charge No. 2015CF2813
Page 3 of 3

B7.    Has the same alleged harasser subjected any other employees to this same type of conduct or behavior? If yes, who? Explain in detail, including date(s), name(s), and position(s):

B8.    Does the Respondent have an anti-harassment policy? If yes, explain your understanding of the policy:

B9.    If you did not report the harassment, state the reason why you did not.

B10.    Do you have any items or documents that evidence the harassing conduct? If so, please provide copies.